UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RAYMOND J. BERGERON DAVILA,<br><br>                  Plaintiff,<br><br>v.<br><br>ANTONIO CHAVEZ,<br><br>                  Defendant. | Case No. 15-CV-1501-JPS<br>7th Circuit Case No. 16-4225<br><br><br><br>**ORDER** |

The plaintiff, a prisoner incarcerated at Dodge Correctional Institution, proceeds *pro se* in this matter in which he alleges that his civil rights were violated. (Docket #1). On November 21, 2016, the Court ordered that this action be dismissed with prejudice for the plaintiff's failure to prosecute the same. (Docket #88). On December 22, 2016, the plaintiff appealed that ruling. (Docket #93). That same day, the plaintiff filed a motion to proceed on his appeal *in forma pauperis*. (Docket #94).

The plaintiff may not proceed without prepayment of the filing fee on appeal if the Court certifies in writing that the appeal is not taken in "good faith." 28 U.S.C. § 1915(a)(3). To determine whether the petitioner takes the appeal in "good faith," the Court must determine whether "a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000); *see also Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" when it seeks review of an issue that is not clearly frivolous. *Lee*, 209 F.3d at 1026. This is the case when a reasonable person could suppose the issue to have some legal merit. *Id.*

The plaintiff's notice of appeal makes arguments nearly identical to those found in his previous filings on his failure to file a summary judgment response. (Docket #93 at 4-13). The plaintiff was given, in total, over two-and-a-half months to submit a response to the defendant's motion, but supplied an inexhaustible series of excuses for not doing so. *See* (Docket #74, #78, #81, #82, and #86). The Court could not allow the plaintiff to string this litigation out indefinitely, and so dismissed this action with prejudice on ample notice to him. (Docket #88). No reasonable person could suppose that he was not given an opportunity to avoid this fate, and he in fact received a far better opportunity than most other civil litigants. For those reasons, the Court must find that the instant appeal is not taken in good faith. The Court will, therefore, deny the motion for leave to proceed on appeal *in forma pauperis.*

Because the Court certifies that the appeal is not taken in good faith, the Court provides the following information to the plaintiff regarding proceeding before the Seventh Circuit. The plaintiff will not be able to proceed on appeal without paying the filing fee, unless the court of appeals gives him permission to do so. The plaintiff has 30 days from the date of this order to request that the Seventh Circuit review the Court's denial of his motion for leave to appeal without prepayment of the filing fee on appeal. Fed. R. App. P. 24. If plaintiff requests review by the Seventh Circuit, he must include an affidavit and statement of issues he intends to present on appeal, pursuant to Fed. R. App. P. 24(a). He must also provide a copy of this order, in addition to the notice of appeal he previously filed. If the plaintiff does not request review of this order, the Seventh Circuit may choose not to address the Court's denial of the plaintiff's motion; instead, it may require the

plaintiff to pay the full filing fee before it considers his case. Failure to pay a required fee may result in dismissal of the appeal.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to appeal without prepayment of the filing fee (Docket #94) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge